UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION


| | | |
|---|---|---|
| **GREGORY STEPHEN EIDSON** | ] | |
| Petitioner, | ] | |
| | ] | |
| v. | ] | No. 3:14-1408 |
| | ] | Judge Sharp |
| **DERRICK SCHOFIELD, et al.** | ] | |
| Respondents. | ] | |

# **M E M O R A N D U M**

The petitioner, proceeding *pro se*, is an inmate at the Hardeman County Correctional Facility in Whiteville, Tennessee. He brings this action pursuant to 28 U.S.C. § 2254 against the Tennessee Department of Correction and its Commissioner, Derrick Schofield, seeking a writ of habeas corpus.[1]

## **I. Background**

On February 3, 2012, the petitioner entered a best interest plea of guilty to the charges of aggravated assault and attempted second degree murder. Docket Entry No.25-4 at pgs.3-11. For these crimes, he received consecutive sentences of three years and eight years, respectively. The sentences were suspended to time served and the petitioner was placed in a community corrections program.

---

[1] Sonny Weatherford, Sheriff of Sumner County, was also named as a respondent. However, by an earlier order (Docket Entry No.26), he was dismissed from the lawsuit.

1

*Id.* at pg.6.

Having pled guilty, there was no direct appeal of the convictions taken by the petitioner. He did, however, file a *pro se* petition for post-conviction relief in the Criminal Court of Sumner County. Docket Entry No.31-1 at pgs.3-37. At the conclusion of an evidentiary hearing, the trial judge denied the application for post-conviction relief. *Id.* at pg.108; *see also* Docket Entry No. 31-3 at pgs.75-81.

On appeal, the Tennessee Court of Criminal Appeals affirmed the denial of post-conviction relief. Docket Entry No.25-8. The Tennessee Supreme Court later rejected petitioner's request for additional post-conviction review. Docket Entry No.31-8 at pg.1.

The petitioner then filed a motion to reopen the post-conviction proceedings. Docket Entry No.25-11. That motion was summarily denied by the trial court. Docket Entry No.25-12.

## II. Procedural History

On July 1, 2014, the petitioner filed the instant petition (Docket Entry No.1) for writ of habeas corpus. Having liberally construed the petition, the Court finds that the petitioner has set forth seven claims for relief. These claims include :

> 1) petitioner's rights under the 1st, 4th, 5th, 6th and 14th Amendments were violated when he was unlawfully arrested, did not receive Miranda warnings, inadmissible testimony was presented to the Grand Jury, alleged police misconduct during the arrest and investigation, entrapment and a violation of HIPPA privacy requirements;

2

2) trial counsel was ineffective for
   a) failure to interview and subpoena witnesses prior to the preliminary hearing;
   b) coercing the petitioner to accept a plea deal;
   c) conflict of interest - counsel was a former police officer;[2]

3) police officers gave perjured testimony to the Grand Jury;

4) the trial judge erred when he refused to allow the petitioner to represent himself during post-conviction proceedings; and

5) there was a violation of Rules 43 and 44 of the Tennessee Rules of Criminal Procedure.

Upon its receipt, the Court conducted a preliminary examination of the petition and determined that the petitioner had stated a colorable claim for relief. Accordingly, an order (Docket Entry No.11) was entered directing the respondents to file an answer, plead or otherwise respond to the petition. Rule 4, Rules - - - § 2254 Cases.

Presently before the Court are respondents' Answer (Docket Entry No.24) to the petition and petitioner's Motion for a Hearing or in the Alternative, Remand to Trial Court/Reply to Respondents' Answer (Docket Entry No.29).

Upon consideration of the petition, respondents' Answer, petitioner's Reply and the expanded record, it appears that an

---

[2] The petitioner was represented by Jason Elliott, a member of the Sumner County Bar. Elliott was the fourth attorney appointed to represent the petitioner.

3

evidentiary hearing is not needed in this matter. *See* <u>Smith v. United States of America</u>, 348 F.3d 545, 550 (6th Cir. 2003)(an evidentiary hearing is not required when the record conclusively shows that the petitioner is entitled to no relief). Therefore, the Court shall dispose of the petition as the law and justice require. Rule 8(a), Rules - - - § 2254 Cases.

### III. Analysis of the Claims

**1.) State Law Claim**

Federal habeas corpus relief is only available to cure "a violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). Thus, a claim that is based upon a perceived error or misapplication of state law will not normally be recognized as an actionable claim for federal habeas corpus relief. <u>Lewis v.Jeffers</u>, 497 U.S. 764, 780 (1990).

Here, the petitioner complains about the alleged violation of two rules of state criminal procedure (Claim No.5). This claim is solely predicated upon a violation of state rather than federal law. As a consequence, this issue is not cognizable in the instant action.

**2.) Procedurally Defaulted Claims**

A federal district court will not entertain a petition for writ of habeas corpus unless the petitioner has first exhausted all available state court remedies for each claim in his petition. 28 U.S.C. § 2254(b)(1).

While exhaustion is not a jurisdictional requirement, it is a strictly enforced doctrine which promotes comity between the states and federal government by giving the state an initial opportunity to pass upon and correct alleged violations of its prisoners' federal rights. O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999). Consequently, as a condition precedent to seeking federal habeas corpus relief, the petitioner is required to fairly present his claims to every available level of the state court system. Rose v. Lundy, 455 U.S. 509, 518-20 (1982); Lyons v. Stovall, 188 F.3d 327,331 (6th Cir.1999). The petitioner must offer the state courts both the factual and legal bases for his claims. Hicks v. Straub, 377 F.3d 538,552 (6th Cir.2004). In other words, the petitioner must present "the same claim under the same theory" to the state courts. *Id.* It is not enough that all the facts necessary to support a federal claim were before the court or that the petitioner made a somewhat similar state law claim. Anderson v. Harless, 459 U.S. 4,6 (1982).

Once petitioner's federal claims have been raised in the highest state court available, the exhaustion requirement is satisfied, even if that court refused to consider the claims. Manning v. Alexander, 912 F.2d 878, 883 (6th Cir. 1990).[3]

---

[3] In Tennessee, a petitioner need only take his claims to the Tennessee Court of Criminal Appeals in order to fully exhaust his available state court remedies. Rule 39, Tenn. Sup. Ct. Rules; *see also* Adams v. Holland, 324 F.3d 838 (6th Cir. 2003).

The petitioner's only effort to exhaust state court remedies occurred during his post-conviction proceedings. In petitioner's post-conviction appellate brief, he alleged that the guilty plea was neither knowingly nor voluntarily given due to "coercive extraneous factors" and the ineffectiveness of trial counsel. Docket Entry No.31-5 at pg.10. It was further argued that counsel was ineffective for failing to "prepare for a trial on the merits." *Id.* at pg.11.

The petitioner never alleged a variety of pre-trial violations (Claim No.1), that a conflict of interest prevented counsel from providing him with effective assistance (Claim No.2c), that police officers perjured themselves before the Grand Jury (Claim No.3), and that the trial judge would not allow the petitioner to represent himself during the post-conviction proceedings (Claim No.4). As a consequence, these claims have never been fully exhausted in the state courts.

Unfortunately, at this late date, it appears that state court remedies for these claims are no longer available. *See* Tenn. Code Ann. § 40-30-102(a) and (c). Therefore, by way of procedural default, the petitioner has technically met the exhaustion requirement with respect to these claims. <u>Alley v. Bell</u>, 307 F.3d 380, 385 (6th Cir. 2002)(if an unexhausted claim would be procedurally barred under state law, that claim is procedurally defaulted for purposes of federal habeas corpus review).

6

The exhaustion of a claim *via* procedural default does not, however, automatically entitle a habeas petitioner to federal review of that claim. To prevent a federal habeas petitioner from circumventing the exhaustion requirement in such a manner, the Supreme Court has held that a petitioner who fails to comply with state rules of procedure governing the timely presentation of federal constitutional issues forfeits the right to federal review of those issues, absent cause for the noncompliance and some showing of actual prejudice resulting from the alleged constitutional violations. Gray v. Netherland, 518 U.S. 152, 162 (1996).

A habeas petitioner can not rely on conclusory assertions of cause and prejudice to overcome the adverse effects of a procedural default. Rather, he must present affirmative evidence or argument as to the precise cause and prejudice produced. Lundgren v. Mitchell, 440 F.3d 754, 764 (6th Cir.2006). To demonstrate cause, the petitioner must show that an objective factor external to the defense interfered with his ability to comply with the state procedural rule. Murray v. Carrier, 477 U.S. 478, 488 (1986). To establish prejudice, there must be a showing that the trial was infected with constitutional error. United States v. Frady, 456 U.S. 152, 170-72 (1982).

The petitioner has not set forth any cause and prejudice sufficient to excuse the procedural default of these claims.

7

Therefore, these claims do not provide the basis for an award of habeas corpus relief. Teague v. Lane, 489 U.S. 288, 297-98 (1989)(denial of a claim is appropriate when the federal claim was not raised in the state appellate courts for review).

**3.) Fully Exhausted Claims**

Liberally construed, the petitioner has exhausted his claims of ineffective assistance based upon counsel's failure to interview and subpoena witnesses prior to the preliminary hearing (Claim No.2a) and coercion of the petitioner to accept a best interest plea (Claim No.2b).

The availability of federal habeas corpus relief is limited with respect to claims that have been previously adjudicated on the merits in state court. Harrington v. Richter, 131 S.Ct. 770,780 (2011). When a claim has been adjudicated on the merits in state court, the state court adjudication will not be disturbed unless it resulted in a decision contrary to clearly established federal law or involved an unreasonable application of federal law in light of the evidence. 28 U.S.C. § 2254(d); Nevers v. Killinger, 169 F.3d 352, 357 (6th Cir.1999).

In order for a state adjudication to run "contrary to" clearly established federal law, the state court must arrive at a conclusion opposite to that reached by the United States Supreme Court on a question of law or decide a case differently than the United States Supreme Court on a set of materially

8

indistinguishable facts. To grant the writ for an "unreasonable application" of federal law, the petitioner must show that the state court identified the correct governing legal principle involved but unreasonably applied that principle to the facts of the case. Williams v. Taylor, 529 U.S. 362, 412-13 (2000). As a consequence, state court judgments must be upheld unless, after an examination of the state court judgment, the Court is firmly convinced that a federal constitutional right has been violated. *Id.* at 529 U.S. 389.

The Sixth Amendment provides that a criminal defendant is entitled to the effective assistance of counsel. McMann v. Richardson, 379 U.S. 759, 771 (1970). To establish a violation of this right, the petitioner bears the burden of pleading and proving that his attorney's performance was in some way deficient and that the defense was prejudiced as a result of the deficiency. Strickland v. Washington, 466 U.S. 668 (1984). Within the context of a guilty plea, the effective assistance of counsel is relevant only to the extent that it affected the validity of the plea. Thus, prejudice is shown when there is a reasonable probability that, but for counsel's error, the petitioner would not have pled guilty and would have instead insisted on proceeding to trial. Hill v. Lockhart, 474 U.S. 52, 59 (1985).

At the post-conviction evidentiary hearing, counsel testified that it was his usual practice not to call witnesses at the

9

preliminary hearing because "I don't want to tip off the General as to what avenues I might take at trial." Docket Entry No.31-3 at pg.56. He described this decision as a trial tactic. The trial judge accredited the testimony of counsel, *id.* at pg.78, and the state appellate court agreed that counsel's decision not to call witnesses at the preliminary hearing was a "sound trial tactic". Docket Entry No. 31-8 at pg.5. As a consequence, the state courts held that counsel had not been deficient in this regard.

The state courts ruling on this issue came to a conclusion that did not offend federal law. *See* Darden v. Wainwright, 477 U.S. 168,185-87 (1986)(counsel is not deficient for utilizing a sound trial tactic). Accordingly, this claim has no merit.

Finally, it is alleged that counsel, along with pressure from petitioner's girlfriend and grandmother, coerced him into accepting a best interest plea (Claim No.2b).

During the plea hearing, petitioner stated under oath that he was acting of his own free will. Docket Entry No.25-4 at pg.8. In the Petition to Plead Guilty, the petitioner acknowledged that his plea was being entered "without any threats or pressure of any kind." *Id.* at pg.28. The only evidence to the contrary is the petitioner's own self-serving statements of coercion. Thus, the petitioner has not shown with any degree of certainty that counsel had inappropriately pressured him to accept the best interest plea.

In any event, as noted above, this claim can only succeed if

10

the petitioner is able to show that there is a reasonable probability that, but for counsel's misconduct, he would not have pled guilty and would have instead insisted upon going to trial. Hill, *supra.*

During the post-conviction evidentiary hearing, the prosecutor introduced several letters written by the petitioner to his attorney. In a letter dated November 3, 2011, the petitioner wrote "Please contact the DA and see if you can get me the following deal ....". He went on to write "Even though I have the right - - the statutory right to defend myself, I want to plead out. I have spent enough time in here." Docket Entry No.31-3 at pg. 58.

In a letter six days later, the petitioner wrote that "I still would like to plead out if possible to save this mess .... Please just get me the plea .... I admit that my behavior was reckless and endangered his life .... Get me the plea deal if possible .... I want to plead out." Docket Entry No.25-4 at pgs.39-43. And, finally, in a letter dated five days prior to the entry of the best interest plea, the petitioner wrote "Jason, I hope you have been talking to the DA." Docket Entry No.31-3 at pg.59.

From this evidence, it does not appear that there is a reasonable probability that the petitioner would have preferred to go to trial. Clearly, he was interested in obtaining the best deal possible to avoid a trial.

The petitioner has offered no clear and convincing evidence to

rebut the presumption of correctness that must be accorded the factual findings made by the state courts. 28 U.S.C. § 2254(e)(1). Nor has the petitioner demonstrated in what way the legal analysis of the state courts runs contrary to federal law.

Therefore, having carefully reviewed the record, it appears that the state court adjudication of petitioner's ineffective assistance claims was neither contrary to nor an unreasonable application of federal law. As a consequence, the Court finds that the petitioner has failed to state a claim upon which habeas corpus relief can be granted.

An appropriate order will be entered.

_____
Kevin H. Sharp
Chief District Judge