IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| GREGORY STEPHEN EIDSON, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | NO. 3:14-cv-01408 |
| | ) | |
| DERRICK SCHOFIELD, et al., | ) | JUDGE RICHARDSON |
| | ) | |
| Respondents. | ) | |

## MEMORANDUM OPINION

I.    INTRODUCTION

Before the Court in this habeas corpus action are two *pro se* motions (Doc. Nos. 44 & 45) invoking Federal Rule of Civil Procedure 60(b), pursuant to which Petitioner Gregory Stephen Eidson seeks relief from the judgment of dismissal entered in this action on October 24, 2014, by Judge Kevin H. Sharp.[1] In response, Respondent Sonny Weatherford (who was dismissed from this action prior to final judgment because he was not Petitioner's custodian during the relevant period) argues that Petitioner's motions are untimely. (Doc. No. 48.)

This action was reassigned to the docket of the undersigned on January 9, 2019. (Doc. No. 70.)

---

[1] The first of these two motions is styled a "Motion to Issue 'Show Cause Order' to the Respondent [Under] 28 U.S.C.A. § 2243," but seeks "relief from the original order of dismissal pursuant to rule 60(b)[.]" (Doc. No. 44 at 1, 2.) The second motion is styled a "Motion for Relief from Order of Dismissal Pursuant to Rule 60(b) and to Hold in Abeyance the Claims Not Heard by Judge Sharp." (Doc. No. 45.)

II.     DISCUSSION

Rule 60 of the Federal Rules of Civil Procedure is addressed to "Relief From a Judgment or Order" and provides, in pertinent part, as follows:

> **(b) Grounds for Relief from a Final Judgment, Order, or Proceeding.** On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:
>
> (1)     mistake, inadvertence, surprise, or excusable neglect;
>
> (2)     newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
>
> (3)     fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
>
> (4)     the judgment is void;
>
> (5)     the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
>
> (6)     any other reason that justifies relief.

Fed. R. Civ. P. 60(b). "A motion under Rule 60(b) must be made within a reasonable time—and for reasons (1), (2), and (3) no more than a year after the entry of the judgment or order or the date of the proceeding." Fed. R. Civ. P. 60(c)(1).

Petitioner does not specify the subsection of Rule 60(b) invoked in his motions but argues that the untimeliness of those motions—filed more than three and one-half years after the judgment of dismissal in this case—does not bar consideration of his showing that he is actually innocent of the crimes of conviction. (Doc. No. 45 at 1 (citing *Penney v. United States*, 870 F.3d 459, 462–63 (6th Cir. 2017).) Petitioner's implicit concession of untimeliness appears to be well founded, as even Rule 60(b) motions that must be made "within a reasonable time" would appear unlikely to survive a delay longer than three years. *See In re Alma Energy*, LLC, 521 B.R. 1, 13 (Bankr. E.D.

Ky. 2014) (collecting Sixth Circuit cases holding "that delays of about three to five years, unexcused by any extenuating circumstances, are untimely"). Although "an actual-innocence claim may be considered on the merits even though it would otherwise be barred by an untimely Rule 60(b) motion," the Sixth Circuit requires a petitioner arguing actual innocence "to produce a Supreme Court or Sixth Circuit precedent that establishes that he now stands convicted of a crime that the law does not deem criminal." *Penney*, 870 F.3d at 463 (citation and internal quotation marks omitted). Citing Supreme Court and Sixth Circuit authority, Petitioner argues that he is actually innocent because of his entitlement to certain statutory affirmative defenses that should have been known to his arresting officer, and because the entire proceeding against him was tainted by the bias of his counsel and the presiding judge. (Doc. No. 45 at 2.)

However, these arguments or their factual predicates have been presented to this Court before. Issues of timeliness notwithstanding, Petitioner's motions are precluded from consideration here because they are inappropriate attempts to appeal the Court's judgment dismissing this action. A motion under Rule 60(b) may seek relief from a judgment or order on the grounds enumerated in the rule, but it is not a substitute for appeal of the trial court's decision. *E.g.*, *Rosenberg v. City of Kalamazoo*, 3 F. App'x 435, 436 (6th Cir. 2001) ("A Fed. R. Civ. P. 60(b) motion may not be used as a substitute for an appeal[.]") (citing, *e.g.*, *Hopper v. Euclid Manor Nursing Home, Inc.*, 867 F.2d 291, 294 (6th Cir. 1989)). Similarly, a motion to reopen a case for reconsideration of an issue is not proper under Rule 60(b). *Williams v. Sahli*, 292 F.2d 249, 251 (6th Cir. 1961).

As grounds for his motions, Petitioner points to the existence of undisclosed physical evidence and the related failure of the prosecution to turn over *Brady* material, the illegality of his

"best interest" plea[2] under Tennessee law, the misconduct of the trial judge, and the conflict of interest under which his trial counsel labored as a former police officer turned criminal defense attorney. (*Id.* at 1–7.) Petitioner further explains his actual innocence claim as follows:

> Gregory Eidson is an innocent man based upon the physical facts, and has never admitted guilt, and always maintained that his actions were in self-defense, defense of property, defense of others and other's property, which are affirmative defenses. Moreover, the police officers, the state, and defense counsel have concealed exculpatory evidence, which would prove actual innocence, i.e. the pictures of the petitioner's hands/feet and the pictures of the alleged victim's injuries (or the lack of as in this case) will prove that the petitioner did not kick and beat his 120-pound alcoholic uncle for 20 to 30 minutes. The petitioner's hands and feet were not red, swollen, or bruised, and there were not any hand, fist, or footprints on the alleged victim.

(Doc. No. 45 at 3.) All these grounds for relief were presented in the original habeas petition (Doc. No. 1 at 1, 3, 5, 7, 10–12, 14–15) or alluded to in attachments thereto (Doc. No. 1-2 at 2; Doc. No. 1-3 at 4). While Petitioner filed a timely motion to set aside this Court's 2014 judgment dismissing his § 2254 petition (*see* Doc. Nos. 38–40), he did not file a notice of appeal to the Sixth Circuit Court of Appeals.

Instead, Petitioner waited more than two years before attempting to raise the same or similar grounds for relief in a second or successive § 2254 petition in this Court on March 23, 2017, which this Court transferred to the Sixth Circuit for further consideration. *See Eidson v. Phillips*, No. 3:17-cv-00639 (M.D. Tenn.) (Crenshaw, J.). The Sixth Circuit recounted Petitioner's litigation history to that point and denied him permission to file the second-or-successive action, as follows:

> Eidson was sentenced to an effective sentence of eleven years in a Community Corrections Program after entering a best interest plea to aggravated assault and attempted second degree murder. Eidson filed a petition for post-conviction relief, which the trial court denied. The Tennessee Court of Criminal Appeals affirmed,

---

[2]     *See North Carolina v. Alford*, 400 U.S. 25, 37–39 (1970) (holding that an accused may plead guilty in his best interest, while professing his actual innocence).

4

and the Tennessee Supreme Court denied the application for permission to appeal. *Eidson v. State*, No. M2012-02482-CCA-R3- PC, 2013 WL 6405782 (Tenn. Crim. App. Dec. 6, 2013), *perm. app. denied* (Tenn. Mar. 5, 2014). In May 2014, Eidson's community corrections sentence was revoked and he was sentenced to eleven years of imprisonment. Thereafter, Eidson filed a motion to reopen the postconviction proceedings. The trial court denied the motion, the Tennessee Court of Criminal Appeals affirmed, and the Tennessee Supreme Court denied the application for permission to appeal. *Eidson v. State*, No. M2015-01657-CCA-R3-HC, 2016 WL 4252360 (Tenn. Crim. App. Aug. 10, 2016), *perm. app. denied* (Tenn. Jan. 19, 2017). Eidson then filed a petition for a writ of habeas corpus, which the district court denied. *Eidson v. Schofield*, No. 3:14-1408, 2014 WL 5431336 (M.D. Tenn. Oct. 24, 2014).

Subsequently, Eidson filed a second habeas petition that was transferred to this court for consideration as a motion for leave to file a second or successive petition. Eidson argues the district court erred in classifying his habeas petition as second or successive. He claims he was arrested in violation of his constitutional rights; his *Miranda* rights were violated; he was denied his right to a fair trial; trial and post-conviction counsel had a conflict of interest; he was denied a full and fair trial and post-conviction hearing; exculpatory evidence that would show his actual innocence is being withheld; and he was denied due process and equal protection of the law.

The district court did not err in determining that Eidson's current habeas petition was second or successive and transferring it to this court. Eidson argues that the district court erred in classifying his habeas petition as second or successive because his community corrections sentence was revoked in May 2014 and his initial petition only challenged his original judgment. While "a habeas petitioner, after a full resentencing and the new judgment that goes with it, may challenge his undisturbed conviction without triggering the 'second or successive' requirements," Eidson's filing was appropriately deemed second or successive because his initial habeas petition was filed after the judgment imposing the sentence upon revocation. *See King v. Morgan*, 807 F.3d 154, 156 (6th Cir. 2015).

. . . To the extent that Eidson seeks to raise claims presented in his previous habeas petition, those claims are subject to dismissal under 28 U.S.C. § 2244(b)(1). *See In re Salem*, 631 F.3d 809, 812 (6th Cir. 2011). Moreover, Eidson does not argue that the Supreme Court has made a new, previously unavailable rule of constitutional law retroactively applicable to his case, nor does he present new facts which establish that "but for constitutional error, no reasonable factfinder would have found [Eidson] guilty of [his] underlying offense." 28 U.S.C. § 2244(b)(2).

Accordingly, we DENY Eidson's motion for leave to file a second or successive habeas petition.

(Case No. 3:17-cv-00639, Doc. No. 18 at 2–4.) Judge Crenshaw subsequently entered an order dismissing the unauthorized second-or-successive action, and another order denying Petitioner's motion to set aside the order of dismissal. (*Id.*, Doc. Nos. 24 & 28.)

Less than three months later, Petitioner returned to this, his original habeas corpus action, and filed the Rule 60 motions now before the Court. It is clear that Petitioner filed these motions —and subsequent post-judgment motions which request similar relief (Doc. Nos. 51, 52, 53, 57, 58, 62, 63, 66, 68, 69, 72, 74, 77)—in a last-ditch effort to have the Court scrutinize claims that he first made prior to the entry of judgment against him, but that he failed to pursue properly on appeal. However, "[a] motion under Rule 60(b) cannot be used to avoid the consequences of a party's decision to . . . forego an appeal from an adverse ruling," *Steinhoff v. Harris*, 698 F.2d 270, 275 (6th Cir. 1983) (citation omitted), simply because that decision is "later revealed to be unwise." *Hopper*, 867 F.2d at 294.

In sum, barring some future authorization by the Sixth Circuit to file a second or successive petition, Petitioner is not entitled to further review in this Court of any habeas corpus claims related to his current convictions.

III. CONCLUSION

For the reasons stated above, Petitioner's motions under Rule 60(b) will be denied. Petitioner's other pending motions will be denied as moot, and this action will remain closed.

An appropriate Order will enter.

*Eli Richardson*
ELI RICHARDSON
UNITED STATES DISTRICT JUDGE